RECEIVED
SDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 07/07/05
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GREGORY DAMM,<br>         Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV04-1456-A |
| VERSUS | |
| LYNN COOPER, et al.,<br>         Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## MEMORANDUM ORDER

Gregory Damm filed a motion for "emergency order of protection" (Doc. Item 25), alleging he is being denied his legal materials while spending twenty days in administrative segregation, which is interfering with his habeas corpus petition. For relief, Damm asks for release to the general population, "suspension of all officials' powers" pending a ruling on Damm's habeas petition, court-appointed counsel, access to his legal materials and to the law library for three to four hours per day, and transfer to another prison.

This is Damm's second request for court-appointed counsel. For the reasons previously given on March 7, 2005 (Doc. Item 12), IT IS ORDERED that Damm's motion for court-appointed counsel is DENIED.

IT IS ALSO ORDERED that Damm's motions for a transfer to another prison, to be released into the general population, and to

suspend "officials' powers" are also DENIED.[1]

Since Damm's twenty day period of incarceration in administrative segregation is, or is almost, over, IT IS FURTHER ORDERED that Damm's motion for daily access to the law library while in administrative segregation is DENIED.[2]

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 6th day of July, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); Startti v. Beto, 405 F.2d 858, 859 (5th Cir. 1969), cert. den., 395 U.S. 929, 89 S.Ct. 1789, 23 L.Ed.2d 247 (1969).

[2] It is noted that Damm has four actions pending in the Western District of Louisiana which have had pleadings recently filed in them and, according to Damm, a case pending in the state courts, also. It does not appear that Damm has been denied access to the courts and, in any event, Damm has not shown any prejudice arising therefrom. An actual injury is a constitutional prerequisite to Section 1983 claim. Lewis v. Casey, 518 U.S. 343, 351-53, 116 S.Ct. 2174, 2180 (1996), discussing Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).