
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
OCT 17 2006
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Gregory Damm,<br>　　　Plaintiff | CIVIL ACTION<br>Section "P"<br>NO. CV04-01456-A |
| VERSUS | |
| Lynn Cooper, et al.,<br>　　　Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983, in forma pauperis ("IFP"), by pro se plaintiff, Gregory Damm ("Damm"), on July 7, 2005, and amended on November 24, 2004, December 29, 2004 and April 25, 2005 (Doc. Items 1,7,9,17). The named defendants are Warden Lynn Cooper ("Cooper"), Deputy Warden Gary Gremillion ("Gremillion"), Sergeant Laurie Dufour ("Dufour") and Sergeant Debra Mitchell ("Mitchell").[1] Damm alleges

---

[1] In his complaints, Damm names Billy Tigner, Glen Booty, Edward Rubin, William Bennet, Nikki Chenevert, Richard Stadler as defendants. However, plaintiff never completed a summons for these defendants and no attempt was made to serve them. Accordingly, I recommend that the complaint against these defendants be dismissed without prejudice under Fed.R.Civ.P. 4(m). See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

violation of his constitutional rights under the First, Eighth and Fourteenth Amendments.[2] Specifically, he contends defendants Dufour and Mitchell, mail clerks at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana, tampered with his legal mail and interfered with his access to the courts. For relief, Damm requests monetary and punitive damages as well as injunctive relief. Damm is presently confined in ACC.

Defendants filed a motion for summary judgment (Doc. Item 55) which is currently before the court for report and recommendation.

## Law and Analysis

### The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Paragraph (e) of Rule 56 also provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must

---

[2] In two memorandum orders, the court advised Damm his conclusive allegations that his Eighth Amendment rights were violated were not enough to set forth a cognizable claim. To date, Damm has failed to assert any additional statements or facts regarding an alleged Eighth Amendment violations.

2

set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Although a party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact, a defendant moving for summary judgment may rest on the absence of evidence to support the plaintiff's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., 812 F.2d 219, 222 (5th Cir. 1987). Once this burden has been established, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).

3

## Interference with Legal Mail

Damm's lawsuit is based upon a violation of 42 U.S.C. §1983, which prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Interference with legal mail may violate a prisoner's First Amendment right to free speech and/or his Fourteenth Amendment right of access to the courts. Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993), cert. den., 510 U.S. 1123, 114 S.Ct. 1081, 127 L.Ed.2d 397 (1994). To state a constitutional violation, the plaintiff must allege an intentional delay of or interference with his legal mail, as well as actual injury to the plaintiff's claim. See Richardson v. McDonnell, 841 F.2d 120 (5th Cir. 1988).

Damm alleges defendants Dufour and Mitchell destroyed legal mail he sent to both the federal and state courts on six separate occasions.[3] Damm claims legal mail sent to the federal court on April 21, 2003 and September 21, 2003 and a petition for writ of habeas corpus to the 12th Judicial District Court of Louisiana ("12th

---

[3] In his complaint, Damm states that defendants interfered with his federal legal mail on three occasions; however, the last of these dates, December 15, 2003, is not at issue as Damm acknowledges in his amended complaint that the United States District Court, Middle District of Louisiana received his mailing and transferred the matter to this court. Additionally, an inmate withdrawal slip submitted by Damm shows he requested mail to be sent on December 15, 2003 and his request was approved December 19, 2003. (Doc. Item 37-2).

4

JDC") on June 20, 2003, September 30, 2003 and December 11, 2003 were never received. A review of the evidence submitted by both Damm and defendants indicates Damm's mail was received by ACC's mailroom, posted to Damm's prison account and mailed.

The procedure for mailing of inmate mail is set forth in Debra Mitchell's affidavit. (Doc. Item 55-4, Ex. "B"). Due to Damm's status as indigent, his mail was submitted on an inmate withdrawal slip which was then approved by ACC's business office before actual mailing. Mail was posted and mailed on the day approval was received.

Damm submitted numerous inmate withdrawal slips as evidence, and two slips correspond with the dates he contends he sent mail to the federal court. (Doc. Item 37-2). These slips indicate Damm requested legal mail be sent on April 21, 2003 and September 21, 2003. Both slips are dated received by the mailroom, and the slips as well as inmate banking records show charges were posted to his account. This evidence coupled with the prison procedure for mailing inmate correspondence establishes these letters were mailed.

With respect to the dates Damm contends he mailed his petition for writ of habeas corpus to the 12th JDC, Damm advises in his amended complaint that Dufour approved the mailing on June 20, 2003, Mitchell approved the mailing on September 30, 2003 and withdrawal slips in his possession show both writs were "mailed

out". Inmate banking records verify the posting of legal correspondence on these two dates and prison procedure dictates the mailings were made. Additionally, a memorandum to Damm on April 1, 2004 provides that while Gremillion confirmed the 12th JDC has no record of Damm's filing, ACC's mailroom records show that Damm's legal mail was mailed to the 12th JDC on December 11, 2003 (Doc. Item 55-4, Ex "C").

Damm asserts no motive defendants might have to interfere with his legal mail; he does not point to any hard evidence that they tampered with, destroyed or failed to forward his legal mail; and the evidence he produced as well as statements he made in his own pleadings indicate his legal correspondence was accepted and mailed. What Damm takes issue with is that the mail was not received by the courts. It is an every day occurrence for mail to be lost en route in the postal system or for a recipient to misplace mail. This is beyond the control of defendants and does not establish a constitutional violation. As Damm is unable to show defendants delayed or interfered with his legal mail, he fails to state a cognizable claim for a constitutional violation. However, I note that even if Damm could establish delay or interference, he cannot establish actual injury.

Prisoners clearly have a constitutionally protected right of access to the courts, and a denial of access, such as delay, may result in a constitutional deprivation. Chriceol v. Phillips, 169

F.3d 313, 317 (5th Cir. 1999). To make out a claim that his constitutional right of access to the courts has been violated, a plaintiff must demonstrate that his position as a litigant was prejudiced by his denial of access to the courts. Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).

Damm states he was placed in administrative segregation on February 12, 2004 and, as a result, was unable to file an IFP application which he claims was due in this court on February 16, 2004. The docket for case 04-CV-377 reveals that on February 6, 2004, the court ordered Damm to either pay filing fees or file an IFP application with the court within thirty days. Pursuant to the court's order, Damm had until at least March 8, 2004 to file his IFP application; however, Damm did not take any action within this time frame or the nearly three months thereafter. Accordingly, the case was closed on May 28, 2004.[4]

Though Damm contends he was not allowed to mail his IFP application and was denied access to the courts, a review of withdrawal slips and inmate banking records reveal that Damm was able to and did in fact mail other legal mail as well as personal mail on numerous occasions from February through May of 2004.

Damm's contention that he suffered legal prejudice as a result of the 12th JDC not receiving his petition for writ of habeas

---

[4] Even if Damm had filed his IFP application after closure of his case, the practice of this court is to allow the filing to be made and the case reopened.

7

corpus, is also without merit. On June 8, 2004, the Third Circuit Court of Appeal for the State of Louisiana ("Third Circuit") accepted a writ filed by Damm. The Third Circuit noted that the 12th JDC clerk's office never received a filing with their office, but the application was granted "for the sole purpose of transferring to the trial court the Petition for Writ of Habeas Corpus attached to Realtor's application to this court for filing consideration, and ruling thereon." (Doc. Item 37-15). As the filing was accepted and the matter was to proceed on the merits, there was no legal prejudice.

Damm has not adduced any evidence whatsoever to prove there was misconduct by a corrections officer at ACC, nor has he established any legal prejudice. Based on the foregoing discussion, and a thorough review of the evidence and memoranda of record, it is evident that no genuine issue of material fact exists for trial.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion for summary judgment be GRANTED and Damm's action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to

another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 17th day of October, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE